**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-30712
Summary Calendar

ALCAN RUBBER AND CHEMICAL INC.,

Plaintiff-Appellant,

VERSUS

STAR GRAN M/V, ETC; ET AL.,

Defendants,

P.T. ANDHIKA LINES,

Defendant-Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana
(00-CV-33-S)

March 17, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant Alcan Rubber and Chemical appeals the district

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

court's grant of summary judgment to defendant P.T. Andhika Lines on grounds of lack of subject matter jurisdiction. The district court cited a forum selection clause in the bills of lading between the parties indicating that any dispute between the parties was to be decided "in the country where the carrier has his principal place of business...." Alcan now argues that we should refuse to honor this clause and allow it to bring its claim in federal court.

"The enforceability of a forum-selection or arbitration clause is a question of law which is reviewed de novo." Afram Carriers v. Moeykens, 145 F.3d 298, 301 (5th Cir. 1998). Forum selection clauses are prima facie valid, and should be enforced unless the resisting party shows that enforcement is "unreasonable." M.S. Bremen v. Zapata-Off Shore Co., 407 U.S. 1, 10 (1972). "The burden of proving unreasonableness is a heavy one," Afram Carriers, 145 F.3d at 301, however, and that burden has not been met here. Accordingly, the judgment of the district court is AFFIRMED. AFFIRMED.